# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: A.A. and A.E.

No. 16-0853 (Wood County 15-JA-133 & 15-JA-134)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.A., by counsel Krista L. Fleegle, appeals the Circuit Court of Wood County's August 10, 2016, order terminating her parental rights to then two-year old A.A. and six-year-old A.E.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Thomas B. Karr, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children when a less-restrictive alternative existed.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that she drove the young children unrestrained in a vehicle while under the influence of marijuana and while in the possession of eighteen packets of heroin. The DHHR further alleged that petitioner attempted to conceal her children from the DHHR and flee.

In November of 2015, at the adjudicatory hearing, petitioner stipulated to the allegations in the petition. Thereafter, the circuit court granted petitioner's motion for a post-adjudicatory improvement period. In her improvement period, petitioner was directed to complete psychological, parental-fitness, and substance abuse evaluations and to comply with any

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] While petitioner argues that the circuit court terminated her "parental rights," the circuit court's July 12, 2016, order expressly terminated her "parental, custodial, and guardianship" rights.

1

recommendations provided therein; to complete parenting and adult life skills classes; to visit her children as permitted; and to attend all hearings and meetings.

In August of 2016, the circuit court held a dispositional hearing. Petitioner was incarcerated at the time of this hearing on a false-pretenses charge, allegedly committed during her improvement period. According to the DHHR, petitioner failed to complete a substance abuse assessment; attended only two out of four of her parenting classes; attended only six out of eighteen of her adult life skills classes; failed to attend multiple hearings and multidisciplinary meetings; tested positive for controlled substances; and missed multiple drug screens during her improvement period. At the hearing, petitioner admitted her continued drug abuse, including heroin use, during her improvement period. Based on petitioner's incarceration, drug use, and failure to comply with the terms of her improvement period, the circuit court terminated her parental rights to the children. In so doing, the circuit court found that petitioner could not substantially correct the conditions of abuse and neglect in the near future.[3] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children when the least-restrictive alternative was to terminate her custodial rights. Petitioner contends that her custodial rights could have been terminated until such time as she was released from incarceration and followed through with drug treatment. We disagree. West Virginia Code § 49-4-604(a)(6) provides that a circuit court is directed to terminate parental rights upon a finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood

---

[3]The parental rights of the children's biological fathers were also terminated below. The children currently reside in foster care, and their permanency plan is adoption into that foster home.

that conditions of abuse or neglect can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

In this case, petitioner acknowledges "that she has a serious addiction to narcotics" and that she was "unable to provide adequately for the children's needs at the time of her dispositional hearing[.]" Moreover, it is undisputed that petitioner failed to provide any evidence of substance abuse treatment; failed to comply with the terms of her improvement period, including her failure to attend visits with her children on time; tested positive for controlled substances; and was incarcerated at the time of the dispositional hearing based on a crime allegedly committed during her improvement period. Given petitioner's acknowledgments and her complete lack of improvement during these lengthy proceedings, we find no error in the circuit court's termination order. The circuit court properly found that petitioner was not reasonably likely to substantially correct the conditions of abuse and neglect in the near future, and it is clear from the record on appeal that the children's welfare necessitate termination of petitioner's parental rights.

For the foregoing reasons, we hereby affirm the circuit court's August 10, 2016, order.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker